**UNITED STATES of America, Appellee,**

v.

**James Edwin SMITH, Appellant.**

**No. 74–1532.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1974.

Decided Dec. 23, 1974.

Halbert T. Dail, Norfolk, Va. [court-appointed] (Kanter, Kanter & Dail, Norfolk, Va., on brief), for appellant.

J. Brian Donnelly, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

**DONALD RUSSELL, Circuit Judge:**

The defendant, convicted of mail fraud,[1] seeks by this appeal a new trial. Among other claims of error, he assigns error in the limitation placed by the District Judge on the admission of evidence on his defense of insanity. We agree and reverse.

■■ At trial the sole defense raised by the defendant was a want of criminal intent by reason of insanity.[2] Whenever insanity is asserted as a defense and is supported by any credible evidence, "it is of critical importance that the defendant's entire relevant symptomatology be brought before the jury",[3] or, as stated in another recent case, quoting Wigmore, "when insanity is in issue, 'any and all conduct of the person is admissible in evidence.'"[4] To this end, the trial judge should permit "an unrestricted inquiry into the whole personality of a defendant"[5] and should "be free in his admission of all possibly relevant evidence."[6] Any evidence of aberrant conduct or action, whether before or after the act charged, is accordingly admissible under the plea.[7]

■ In support of his plea of insanity, the defendant asserted that he had been subject often to recurring and intermittent periods of aberrant conduct, evidencing disorientation from reality and impairment of behavior control on his part. This claim was supplemented by

---

1. 18 U.S.C. § 1341.

2. The rule as to insanity, adopted in the definitive opinion of Chief Judge Haynsworth in United States v. Chandler (4th Cir. 1968) 393 F.2d 920, 926, is as stated by the American Law Institute in its Model Penal Code:

   "(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

   "(2) The term[s] 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct."

   Thus, the two issues posed by the plea are (1) the existence of mental disease or defect and (2) its meaningful relationship to the inci-

dent charged as an offense. For the distinction between mental disease and mental defect, *see* United States v. Brawner (1972) 153 U.S.App.D.C. 1, 471 F.2d 969, 977.

3. Gordan v. United States (5th Cir. 1971) 438 F.2d 858, 883, cert. denied 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56.

4. United States v. Brawner (1972) 153 U.S.App.D.C. 1, 471 F.2d 969, 976.

5. United States v. Chandler (4th Cir. 1968) 393 F.2d 920, 926.

6. Pope v. United States (8th Cir. 1967) 372 F.2d 710, 736, remanded on other grounds 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317.

7. Davis v. United States (10th Cir. 1966) 364 F.2d 572, 574.

expert testimony to the effect that the defendant, as characterized by a psychiatrist witness, was a "manic depressive" type, given to paranoid ideas of sexual prowess and financial grandiosity, and, in the language of an expert psychologist, was suffering from a "schizo-affected disorder" productive of alternating periods of affected excitement and depression impairing his judgment and rationality. The value of this expert testimony, however, depended on the evidence of the defendant's actual abnormal behavior and conduct during these periods when he claimed to be detached from reality. The important testimony on the defendant's plea accordingly dealt with the episodes when the defendant had exhibited abnormal behavior and it was essential, if *Chandler* were to be followed, that the defendant be given the opportunity to develop fully and completely his conduct during these episodes of abnormal behavior so that the jury could determine for itself their nature and the defendant's rationality during them. The trial court in most instances, it is true, permitted the defendant, through testimony, to identify the specific periods when the defendant had seemingly lapsed into a world of unreality and delusion. Thus, it allowed the defendant to show that he had on three occasions prior to the acts charged, appeared publicly in Washington—in full formal dress on one occasion—claiming that he was the fiancé of a prominent woman, who, incidentally, was completely unknown to the defendant. However, in a number of important instances where the defendant was attempting to spell out in detail his irrational conduct the trial court confined the defendant's presentation to an abbreviated account representing often only a sparse characterization of his conduct. This disposition of the court is illustrated by its ruling on the examination used by the defendant while he was employed to teach a course in business law at Hampton Institute. The testimony of the defendant's superior at the school was that the examination as used by the defendant had absolutely no relationship to the course which was supposedly covered by the examination. In order to demonstrate this fact and to establish that at the time the defendant was laboring under a delusion as to the course being taught, the defendant sought unsuccessfully to secure the introduction into evidence of the actual examination itself. In rejecting the examination itself the trial court denied improperly to the defendant the right to develop adequately proof of his aberrant conduct on this occasion by the best evidence of it. The trial court similarly circumscribed too narrowly the defendant's evidence of other periods of abnormal behavior on his part. Undoubtedly, the trial court in its rulings was seeking to expedite the trial. This procedure is normally to be commended. But where the plea is insanity, the goal of expediting the trial must not be allowed to interfere with the defendant's right to develop fully and completely the many complex and often tenuous circumstances that may shed light on his plea. This is the command of *Chandler*. It was not observed here and a new trial is required.

The defendant has raised other claims of unfairness in the trial but it is unnecessary to examine these claims in view of our determination that a new trial is required.

Reversed.