**UNITED STATES of America, Plaintiff,**

v.

**Robert L. PRICKETT, Defendant.**

**No. CR–3–83–33.**

United States District Court,
S.D. Ohio, W.D.

Feb. 5, 1985.

James A. Wilson, Asst. U.S. Atty., Dayton, Ohio, for plaintiff.

Daniel O'Brien, Dayton, Ohio, for defendant.

## DECISION AND ENTRY UPHOLDING APPLICATION OF AMENDED FEDERAL RULE OF EVIDENCE 704(b)

RICE, District Judge.

On October 12, 1984, the Comprehensive Crime Control Act of 1984 (the "Act"), Pub.L. 98–473, 98 Stat. 1837, was signed into law by President Reagan. Among the many changes in federal law made by the Act was the enactment of the following new provision, 18 U.S.C. § 20, pertaining to the insanity defense:

§ 20. Insanity Defense

(a) Affirmative Defense.—It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of Proof.—The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

18 U.S.C. § 20 (1984). This statutory codification of the insanity defense not only narrows substantially the definition of insanity, which had evolved from case law, to be employed by the federal courts, but provides for the first time that a defendant is to have the burden of proving the insanity defense by clear and convincing evidence.

In addition to this provision in the Act as to the insanity defense, Congress enacted a new limitation upon the scope of expert testimony admissible at trial on the issue of a defendant's assertion of the insanity defense. At the time of the Act's passage, Rule 704 of the Federal Rules of Evidence provided that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed.R. of Evid. 704 (1975). Section 406 of Title IV of the Act proceeded to amend Rule 704 so that it now reads:

Rule 704. Opinion on ultimate issue

(a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

(b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element

of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

■ The legislative history of Rule 704 as amended explains the relationship of the new Rule 704(b) to the codification of the insanity defense in 18 U.S.C. § 20 as follows:

> The purpose of this amendment is to eliminate the confusing spectacle of competing expert witnesses testifying to directly contradictory conclusions as to the ultimate legal issue to be found by the trier of fact. Under this proposal, expert psychiatric testimony would be limited to presenting and explaining their diagnoses, such as whether the defendant had a severe mental disease or defect and what the characteristics of such a disease or defect, if any, may have been.

H.Rep. No. 98–1030, 98th Cong., 2d Sess. 224, 232, U.S.Code Cong. & Admin.News 1984, p. 1. This and other relevant portions of the legislative history make it clear that while under Rule 704(b) an expert may testify as to the defendant's severe mental disease or defect and the characteristics of such a condition, he or she is not to offer the jury a conclusion as to whether said condition rendered the defendant "unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 20 (1984). Rather, under Rule 704(b), the latter is an "ultimate issue" to be determined solely by the jury on the basis of the evidence presented. *See*, H.Rep. No. 98–1030, 98th Cong., 2d Sess. at 224–25, 227, and 233.

■ In the instant case, Defendant has given the Court notice, pursuant to Fed.R. Crim.P. 12.2, that he intends to rely upon the defense of insanity and that he intends to introduce expert testimony as to his mental condition at the time of his alleged crimes which bears upon the issue of his guilt. As the crimes alleged in the Grand Jury's indictment of Defendant occurred prior to October 12, 1984, the question presented is whether application to the evidence in this case of newly-enacted Fed.R.

of Evid. 704(b) violates the prohibition of Article I, Section 9 of the United States Constitution [1] against *ex post facto* laws. The Court's conclusion is that application of the new Rule 704(b) to the expert testimony introduced in the instant case will not work a violation of the *ex post facto* clause.

In *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), petitioner argued that the application of Florida's newly-amended death-sentencing procedure, which permitted for the first time judicial review of the jury's determination to impose the death penalty, constituted an *ex post facto* law. The Supreme Court, relying on its earlier decision in *Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925), observed that a change in the law which is *procedural* is not *ex post facto*, even though it may work to the disadvantage of the Defendant. 432 U.S. at 292, 97 S.Ct. at 2297. In finding the change in Florida law procedural and not an *ex post facto* law, the Supreme Court held:

> The crime for which the present defendant was indicted, the punishment prescribed therefor, and the quantity or degree of proof necessary to establish his guilt, all remained unaffected by the subsequent statute.

432 U.S. 294, 97 S.Ct. 2298 (citing *Hopt v. Utah*, 110 U.S. 574, 589–590, 4 S.Ct. 202, 209–210, 28 L.Ed. 262 (1884)).

The requisites for finding procedural changes not to be *ex post facto* laws can be even more fully understood through reference to the cases cited in *Dobbert*. At issue in *Beazell v. Ohio*, 269 U.S. at 167, 46 S.Ct. at 68, was a statutory change in the mode of criminal trials which allowed joint trials for co-defendants in felony cases instead of the separate trials provided for by previous law. The Supreme Court first noted that a statute which, after indictment, enlarged the class of permissible witnesses at defendant's second trial had not been found an *ex post facto* law in *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed.

---

**1.** Article I, Section 9 provides: "No Bill of Attainder or ex post facto Law shall be passed."

262 (1884). It then observed that a statute changing the rules of evidence after an indictment so as to render admissible against the accused evidence previously held inadmissible had similarly been upheld over an *ex post facto* challenge. *Thompson v. Missouri*, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204 (1898). Gleaning from these and like cases the rule that "statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage" are permissible, the *Beazell* court found no *ex post facto* violation in the statutory change before it. 269 U.S. at 170–71, 46 S.Ct. at 68–69.

The new Rule 704(b) of the Federal Rules of Evidence has no impact upon the crimes for which the instant Defendant has been indicted or for the punishment prescribed by Congress for said crimes. Nor does Rule 704(b) change the quantity or degree of proof necessary to establish Defendant's guilt. *See, United States v. Williams*, 475 F.2d 355, 356–57 (D.C.Cir.1973). While the new Rule 704(b) may work to disadvantage Defendant in his introduction of expert testimony as to his mental condition at the time of his alleged offenses, the Supreme Court has made it clear that such a disadvantage stemming from a procedural change in the law, which this Court finds the new Rule 704(b) to be, does not in and of itself signal an *ex post facto* law.

■ The Court concludes that application of the newly-amended Rule 704(b) to expert testimony introduced in the instant case does not violate Article I, Section 9's prohibition against *ex post facto* laws. The parties in the instant case have agreed, however, that the *ex post facto* clause *does* prevent the statutory insanity defense of 18 U.S.C. § 20 to control Defendant's invocation of the insanity defense herein. As such, the case law in this Circuit as it existed on October 12, 1984 is the substantive law applicable to Defendant's insanity defense, since the offenses for which the Defendant has been charged occurred prior to that date. Given the differences be-

tween the judicial definition of insanity and the narrower definition of the defense provided by 18 U.S.C. § 20, it remains for this Court to determine the impact which Rule 704(b) will have upon the introduction of expert testimony bearing on the broader judicial conception of the insanity defense.

The law in the Sixth Circuit provides that a jury shall find the Defendant to have lacked criminal responsibility if, at the time of the alleged criminal conduct, the Defendant, as a result of mental illness, lacked substantial capacity either to know the wrongfulness of his conduct or to conform his conduct to the requirements of the law which he is charged with violating. *United States v. Campbell*, 675 F.2d 815, 820 (6th Cir.1982), *cert. den.*, 459 U.S. 850, 103 S.Ct. 112, 74 L.Ed.2d 99 (1982); *United States v. Smith*, 404 F.2d 720, 727 (6th Cir.1968). In the legislative history of amended Rule 704(b), Congress indicated its belief that the "ultimate issues" about which experts were allowed to testify under the original, unamended version of Rule 704 included the following: "[W]hether or not the defendant was in his opinion 'insane,' 'sane,' lacked the capacity to distinguish 'right from wrong,' or lacked the capacity to 'conform his behavior to the requirement of law.'" H.Rep. No. 98–1030, 98th Cong., 2d Sess. at 227. *Accord: Feguer v. United States*, 302 F.2d 214, 241–42 (8th Cir.1962), *cert. den.*, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962) (definition of "ultimate issues" with respect to insanity defense prior to enactment of Federal Rules of Evidence).

■ The Court has already considered the strictures which Rule 704(b) places upon expert testimony as to ultimate issues with respect to a defendant's mental state or condition, and the Congressional view as to what type of expert testimony is permissible with respect to the formulation of the insanity defense now contained in 18 U.S.C. § 20. In light of the conception of "ultimate issues" noted above and this Congressional reading of Rule 704(b), the Court concludes that expert testimony in the instant case may address the mental illness

of Defendant and the characteristics, if any, of that mental illness. Expert testimony may not be introduced, however, with respect to an expert's inference or opinion that, at the time of the alleged crimes, Defendant was (1) sane; (2) insane; (3) lacked substantial capacity to know the wrongfulness of his conduct; or (4) lacked substantial capacity to conform his conduct to the requirements of the law which he is charged with violating.[2]

**2.** The Court finds noteworthy the observation contained in the legislative history that newly-amended Rule 704(b) was fashioned to preclude "ultimate opinion psychiatric testimony" on the mental state of the Defendant in a wide variety of contexts besides the insanity defense. The Congressional drafters noted specifically that the Defendant's lack of predisposition to commit a violation of the law, an element of the defense of entrapment, is an "ultimate issue" upon which expert testimony may not be entertained under the new Rule 704(b). H.Rep. No. 98–1030, 98th Cong., 2d Sess. at 233.

Should, as has been indicated to the Court, a defense of entrapment become relevant to the

instant case, the Court will follow the legislature's intent and preclude expert opinion upon the question of whether Defendant lacked the predisposition to commit a crime. Expert testimony, if necessary, would seem to be permissible under Rule 704(b) insofar as it focuses upon inducement by law enforcement officials in the form of persuasion, fraudulent representation, coercion and the like, as well as evidence of Defendant's personal background, prior conduct of a character similar to that at issue at trial, and so forth. It would then remain solely for the jury to determine whether, based on the evidence presented, Defendant lacked the predisposition to commit a violation of the law.