**UNITED STATES of America**

v.

**Lanre A. GOLD, also known as Bode Bobo Adeniyi.**

**Crim. No. 86–289.**

United States District Court, District of Columbia.

June 8, 1987.

Theodore A. Shmanda, Asst. U.S. Atty., Washington, D.C., for plaintiff.

James M. Bailey, Washington, D.C., for defendant.

## ORDER

JOYCE HENS GREEN, District Judge.

This case is set for trial to commence June 10, 1987 at 10:00 a.m. This matter comes before the Court on the government's motion *in limine* to rule inadmissible any and all evidence of defendant's mental condition and the effect of that mental condition upon the capacity of the defendant to formulate specific intent. For the reasons set forth below, the motion is denied.

### I. Background

Defendant's counsel has made clear to the government and the Court that defendant intends "to pursue a defense, *not of insanity*, but that he did not have the mental state required of him to commit the *specific intent* crimes charged against him, that is, he was incapable of the enhanced intent required by the statute to commit the crime due to his mental state at the time of the crime." Letter to the Court from Defendant's Counsel, Jan. 28, 1987, at 1 (emphasis added).

The government argues that, by proceeding on such a theory, defendant would be circumventing the provisions of the Insanity Defense Reform Act of 1984, 18 U.S.C. § 17 (1984),[1] which narrows the availability of the insanity defense to cases where the defendant "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of or the wrongfulness of his acts."[2] The government also

---

**1.** Section 17 of Title 18 was originally codified as section 20, but was renumbered in 1986, Pub.L. 99–646, § 34(a), Nov. 10, 1986, 100 Stat. 3599. For clarity, only the current codification number is used in this opinion.

**2.** New section 17 of Title 18 states:

(a) Affirmative defense.—It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature

argues that the proposed "incapacity" defense contravenes the limitations imposed by new Federal Rule of Evidence 704, which prohibits expert testimony "as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." [3]

It is important to note that while defendant's characterization of his proffer has wavered somewhat, he has emphatically and repeatedly stated that he will *not* be raising the insanity defense. Defendant's counsel proposes to present "expert testimony, a psychiatrist, on the issue of whether Mr. Gold had 'the mental state required for the offense charged,' that is, the effect of his mental condition was to make him incapable of forming the *specific intent* needed." Defendant's Memorandum at 8 (emphasis added). In his most recent submission to the Court, however, counsel for defendant verges on proposing the insanity defense. For example, he states that defendant "did not know the *quality* of his acts at the relevant times, (emphasizing the word "quality") due to his laboring under a defect of reason, that is, a mental illness of long duration (*McNaghten's case*, 10 Clerk & F. 200, 8 Eng.Reprint 719)." *Id.* at 10.[4] This characterization might bring defendant's proffer under 18 U.S.C. § 17, which defines the insanity defense to include the argument that "as a result of a severe mental disease or defect [defendant] was unable to appreciate the nature and quality or the wrongfulness of his acts." Defendant cannot proceed with this recently suggested line of evidence or argumentation without raising the insanity defense, which

he represents that he will not do. Thus, despite the confusing language in some of defendant's papers, the Court will continue to rely on defendant's repeated representations that he is raising lack of specific intent and *not* the defense of insanity.

## II. Analysis

The government's motion requires an examination of how the new insanity defense provisions of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 402, 98 Stat. 1837, 2057, codified at 18 U.S.C. § 17, impacts on the pre-existing law of this Circuit on the issue of a defendant's right to introduce evidence tending to show he lacked the specific intent necessary to commit a crime.

In the seminal case for this Circuit, *United States v. Brawner*, 471 F.2d 969 (D.C. Cir.1972) (en banc), the Court of Appeals held that "expert testimony as to a defendant's abnormal mental condition may be received and considered, as tending to show, in a responsible way, that defendant did not have the specific mental state required for a particular crime or degree of crime—even though he was aware that his act was wrongful and was able to control it, and hence was not entitled to complete exoneration." *Id.* at 998. As the Court carefully explained, this doctrine is not properly termed "diminished responsibility" but rather involves "whether the defendant has the mental state that must be proved as to all defendants." *Id.* The expert testimony on abnormal mental condition while "*insufficient for complete exoneration*" (*i.e.*, while not a *defense*) may be "relevant to negative, or establish the

---

and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of proof.—The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

18 U.S.C. § 17 (added Pub.L. 98–473, Title II, § 402(a), Oct. 12, 1984, 98 Stat. 2057, § 20.

3. New subpart b of Rule 704 states:
(b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged

or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

4. The latest psychiatric report on defendant submitted by Dr. Epstein also uses language which might support an insanity defense. For example, he states "Mr. Gold is suffering from a severe and chronic mental disorder"; and "an organic basis for his illness must be considered." Epstein Report, at 7. As is explained in this opinion, however, Dr. Epstein will not be permitted to use such terminology, which borders on suggesting insanity, because defendant is *not* pursuing this defense.

specific mental condition that is an element of the crime." *Id.* at 1002 (emphasis added). For example, in a first-degree murder case, the government must prove premeditation. In this case, where defendant is charged with intentional distribution of heroin and cocaine, specific intent to distribute must be proven by the government.

Finally, as the *Brawner* court recognized,

> The receipt of this expert testimony to negative the mental condition of specific intent requires careful administration by the judge. Where the proof is not offered in the first instance as evidence of exonerating mental disease or defect within the ALI rule the judge may, and ordinarily would, require counsel first to make a proffer of the proof to be adduced outside the presence of the jury. The judge will then determine whether the testimony is grounded in sufficient scientific support to warrant use in the courtroom, and whether it would aid the jury in reaching a decision on the ultimate issues.

*Id.* The Court of Appeals also directed that the jury be specifically instructed on this issue to avoid confusion:

> Assuming the introduction of evidence showing 'abnormal mental condition,' the judge will consider an appropriate instruction making it clear to the jury that even though defendant did *not* have an abnormal mental condition that *absolves him from responsibility, e.g.,* if he had substantial capacity to appreciate the wrongfulness of his act or to control his behavior[,] he may have had a condition that *negatives the specific mental state required* for a higher degree of crime, *e.g.,* if the abnormal mental condition existing at the time of the homicide deprived him of the capacity for the premeditation required for first degree murder.

*Id.* at n. 75 (emphasis partially added).

*Brawner* is still the law of this Circuit, *see United States v. Shorter,* 618 F.Supp. 255, 259 (D.D.C.1985), and clearly explains a distinction between an affirmative defense and the issue of specific intent, but

the government's motion requires this Court to examine whether the application of *Brawner* is affected by the new insanity statute. 18 U.S.C. § 17.

■ Because the amendments to the criminal code enacted in the Comprehensive Crime Control Act of 1984 are relatively recent, few courts have had the opportunity to interpret the application of the new insanity defense provisions. Only one court has thus far addressed the issue raised by the government's motion. Because that opinion is a clear, well-reasoned exposition of this issue and comports with this Circuit's *Brawner* decision, it is fully adopted here.

In *United States v. Frisbee,* 623 F.Supp. 1217 (N.D.Cal.1985), much like in the instant case, the defendant gave notice to the government that he intended to introduce expert testimony supporting his contention that "due to some combination of pathological intoxication, organic brain damage, and an alcoholic blackout or seizure, he did not possess the requisite specific intent during the relevant time period to have committed first degree murder." *Id.* at 1219. The government contended, as it does here, that the then-recently enacted 18 U.S.C. § 17 prohibited the admission of psychiatric testimony to negative the existence of an element of the crime unless the testimony is admitted in conjunction with an insanity defense. *Id.* The *Frisbee* court concluded that the legislative history and the overall statutory scheme of which section 17 is a part indicate that Congress did not intend to affect "the admissibility of evidence offered by a defendant to negate the existence of specific intent and thereby to show his or her innocence." *Id.* at 1220. Thus, the court held that defendant's expert testimony on the issue of specific intent would be allowed, but would also be limited in scope and use to comport with section 17 and new Rule of Evidence 704.

*Frisbee* recognizes the distinction between the affirmative defense of insanity (which is justification or excuse for criminal conduct) and evidence negating intent (which is used to show innocence) articulated by the *Brawner* court. *Id.* Reading

the legislative history with this in mind, the *Frisbee* court easily distinguished that passage of the Senate Report which the government here also points to as supporting its proposed restrictive interpretation. The Senate Report stated that the narrower definition of the insanity defense is "intended to insure that the insanity defense is not improperly resurrected in the guise of showing some other *affirmative defense*, such as that the defendant had a 'diminished responsibility' or some similarly asserted state of mind which would served to *excuse* the offense and open the door, once again, to needlessly confusing psychiatric testimony." *Id.* Thus, as the *Frisbee* court explained, Congress clearly was concerned about affirmative defenses and excuse, not a defendant's attempt to negate specific intent.

The statutory scheme of the Comprehensive Crime Control Act of 1984 also supports the conclusion that Congress did not intend to restrict a defendant's right to "straightforwardly deny[ ] the prosecution's prima facie case by attempting to cast doubt on the prosecution's claim that a requisite mental element was present at the time of the offense." *Id.* at 1221–22 n. 2. Specifically, Rule 704 allows testimony as to both mental state or condition constituting an *element* of the crime *and* as a *defense*. This "clearly shows that Congress appreciated the distinction between evidence negating specific intent and evidence supporting a finding of insanity." *Id.* at 1222. *See also United States v. Steinberg*, 525 F.2d 1126, 1132 (2d Cir. 1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976) (lack of specific intent while superficially similar to insanity defense is legally distinct and less difficult to establish) (citing *Brawner*, 471 F.2d at 998–1003). The *Frisbee* court noted, "[t]o the extent that Congress desired to limit a defendant's ability to negate the existence of specific intent, it did so through rule 704(b) of the Federal Rule of Evidence, which excludes ultimate issue evidence on a defendant's state of mind." *Id.* at 1223.

The parties also disagree over the scope of testimony permitted under Rule 704. Defendant states that the doctor "will render an opinion if it is admissible, as to whether Mr. Gold had the requisite specific intent when he allegedly committed the offenses." *Id.* at 12. As examination of the plain language and legislative history of Rule 704 make clear that any testimony as to the ultimate issue of specific intent is *not* admissible.

■ As the *Frisbee* court concluded:
Pursuant to rule 704(b) of the Federal Rules of Evidence, the defendant's experts will not be allowed to state an opinion or inference as to whether the defendant did or did not form a specific intent.... The legislative history of rule 704(b) states that the rule is intended to limit experts to 'presenting and explaining their diagnoses, such as whether the defendant had a severe mental disease or defect and what the characteristics of such a disease or defect if any, may have been.' S.Rep. No. 225, 98th Cong., 2d Sess. 230, *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3412. Thus, the Court will only allow the experts to testify concerning their diagnoses, the facts upon which those diagnoses are based, and the characteristics of any mental diseases or defects the experts believe the defendant possessed during the relevant time period. No testimony directly or indirectly opining on the issue of specific intent will be allowed.

Furthermore, the Court shall instruct the jury that the expert testimony admitted on the issue of specific intent shall only be considered on that issue. The Court will not allow the jury to consider the testimony in connection with the issue of whether the defendant may have possessed the necessary intent to commit lesser offenses requiring only general intent.... Moreover, because the defendant is not making an insanity defense, the Court will not allow psychiatric evidence of mental disease or defect to be the basis for the jury's convicting the defendant of a lesser crime if the jury finds that all the elements necessary for a conviction of [the specific intent crime] have been proven by the government....

Finally, the Court obviously reserves the right to exclude any expert testimony that is, for other reasons, inadmissible. *Id* at 1223–24. This approach appears wholly reasonable and provides a fair resolution of the competing interests balanced by Congress in Rule 704.

■ Defendant objects to a narrow interpretation of Rule 704, however, also on the basis that Rule 702 broadly allows the use of expert testimony whenever it is helpful to the trier. The specific constraints on expert testimony in the form of Rule 704 were enacted by Congress, however, against the preexisting background of Rule 702, and in no way can be said to be overridden by Rule 702's general permissive language. *See* Sands, *Sutherland on Statutory Construction,* §§ 51.02, .05 (4th ed. 1984).

■ Thus, while the expert proffered by defendant will be allowed to testify as to the facts of defendant's mental state or condition, he cannot offer "the jury a conclusion as to whether said condition rendered the defendant 'unable to appreciate the nature and quality or the wrongfulness of his acts.' 18 U.S.C. § 20 (1984)." *United States v. Prickett,* 604 F.Supp. 407, 409 (S.D.Ohio 1985). The "ultimate issues" about which experts are not now allowed to testify include insanity, the capacity to distinguish right from wrong, and the capacity to conform behavior to the requirement of the law. *Id.* at 410. The Court is assured that defendant's counsel will respect this restriction on testimony.

### III. Conclusion

■ For the reasons set forth above, the government's motion is denied. Defendant shall be allowed to introduce testimony and evidence otherwise admissible on the factual issue of defendant's mental state or condition during the relevant time, but defendant shall not be allowed to introduce testimony or evidence that proposes an opinion or inference as to whether defendant did or did not have the mental state or condition necessary to constitute an element of the crime. Defendant shall not be allowed to introduce testimony or evidence raising the defense of insanity.

It is so ordered.