**UNITED STATES of America,**

v.

**Robert M. HARDY.**

**Crim. No. 89–0162–14.**

United States District Court, District of Columbia.

Feb. 5, 1990.

---

**1142**

Jay B. Stephens, U.S. Atty. for the District of Columbia, Washington, D.C., Betty Ann Soiefer, Robert Andary, Barry M. Tapp and Noel A. Brennan, Washington, D.C., for U.S.

Stuart F. Johnson, Washington, D.C. for Robert Hardy.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The defendant Robert M. Hardy, along with twenty-eight other defendants, is charged with participating in a conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. Pursuant to Rule 12.2(b) of the Federal Rules of Criminal Procedure, defendant filed a motion on January 30, 1990 requesting leave to late-file a notice of his intention to introduce opinion testimony at trial concerning his

mental condition. Defendant maintains that such opinion testimony would be relevant to his defense because "it is unlikely that a person with his intelligence level and limited functioning would be capable" of committing the offense of conspiracy with which he is charged.[1] The defendant specifically advised the Court that he did not intend or desire to raise insanity as an affirmative defense.

On January 31, 1990, at a hearing on an unrelated matter in this case, the government handed the Court a motion requesting the Court to issue an order directing the defendant to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. § 4242(a) and Rule 12.2.[2] In open court, the Court granted the government's motion for a psychiatric or psychological examination of defendant, and denied, without prejudice, defendant's motion for leave to late-file a notice of his intention to offer opinion testimony concerning his mental condition which would negate his "intent" to commit the crime with which he is charged.

■ Since the Court first received and considered the motions filed by the defendant and the government, the Court has more carefully considered whether opinion testimony concerning defendant's mental condition would be admissible at trial. The Court now concludes that such testimony is irrelevant and, therefore, inadmissible as defendant is only charged with a general intent crime in this case.[3]

■ The offense of conspiracy, as set forth in the general conspiracy statute, 18 U.S.C. § 371, is a specific intent crime. "[T]he specific intent required for [that of-

1. *Defendant's Motion for Leave to "Late"–File Attached Rule 12.2(b) Notice* at ¶ 5.

2. The government erred in relying upon 18 U.S.C. § 4242(a) in making its request; that statutory provision only applies when a defendant provides notice of his intent to rely upon the defense of insanity. Here, the defendant expressly stated that he does not intend to rely upon the defense of insanity, but instead only intends to offer opinion testimony concerning his mental condition. As such, the government should have made its request for a psychiatric

or psychological examination pursuant to 18 U.S.C. § 4241(b).

3. The Court has already issued an Order vacating its Order, filed on January 31, 1990, which granted the government's motion for a psychiatric or psychological examination of defendant. This memorandum opinion contains the Court's reasons for vacating its Order of January 31, 1990 and for denying defendant leave to file notice of his intention to introduce opinion testimony concerning his mental condition at trial.

fense] is ... the intent to advance the unlawful object of the conspiracy." *United States v. Haldeman*, 559 F.2d 31, 112 (D.C.Cir.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). In contrast, the offense of conspiracy as set forth in the Controlled Substances Act, 21 U.S.C. § 846, is a general intent crime. The elements of a § 846 conspiracy do not include or require proof of a specific intent to commit the object of the conspiracy. In order to sustain its burden of proof with respect to a § 846 conspiracy, the government must only prove beyond a reasonable doubt that a conspiracy existed of which the defendant was aware and that the defendant knowingly and voluntarily joined the conspiracy. *See United States v. Cooper*, 868 F.2d 1505, 1514 (6th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 2440, 104 L.Ed.2d 996 (1989); *United States v. Savaiano*, 843 F.2d 1280, 1294 (10th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988); *United States v. Lippner*, 676 F.2d 456, 466 (11th Cir.1982).[4]

In addition to the foregoing, the Insanity Defense Reform Act of 1984 ("Act"), 18 U.S.C. § 17 *et seq.*, the first statutory formulation of the insanity defense, "placed significant restrictions on the use of mental defect evidence." *United States v. Twine*, 853 F.2d 676, 678 (9th Cir.1988). The Act provides:

> (a) **Affirmative defense.**—It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. *Mental disease or defect does not otherwise constitute a defense.*

> (b) **Burden of proof.**—The defendant has the burden of proving the defense on insanity by clear and convincing evidence.

18 U.S.C. § 17 (emphasis added). The only mental condition that now excuses a defendant from a charged offense is insanity. *United States v. Pohlot*, 827 F.2d 889, 897 (3rd Cir.1987), *cert. denied*, 484 U.S. 1011, 108 S.Ct. 710, 98 L.Ed.2d 660 (1988).

Since the enactment of the Insanity Reform Act of 1984, opinion "testimony on abnormal mental condition while '*insufficient for complete exoneration*' (i.e., while not a *defense*) may be 'relevant to negative, or establish the specific mental condition that is an element of the crime.'" *United States v. Gold*, 661 F.Supp. 1127, 1129–30 (D.D.C.1987) (quoting *United States v. Brawner*, 471 F.2d 969, 1002 (D.C.Cir.1972) (en banc)); *see also Twine*, 853 F.2d at 678 ("section 17 permits mental defect evidence on the issue of whether the defendant had the mental capacity to commit the crime"); *Pohlot*, 827 F.2d at 897 (section 17 "bar[s] only 'affirmative defenses' that 'excuse' misconduct [and] not evidence that disproves an element of the crime itself"); *United States v. Frisbee*, 623 F.Supp. 1217, 1220 (N.D.Cal.1985) (section 17 "has no effect on the admissibility of evidence offered by a defendant to negate the existence of specific intent and thereby to show his or her innocence").

However, when a defendant is charged with a general intent crime, as is the case here, evidence concerning a defendant's mental condition becomes irrelevant and confusing to a jury. *See, e.g., United States v. Fazzini*, 871 F.2d 635, 641 (7th Cir.) (excluding evidence of defendant's di-

---

**4.** Another distinction between a § 341 and a § 846 conspiracy is that "commission of an overt act is not an essential element of conspiracy under § 846." *United States v. Pumphrey*, 831 F.2d 307, 309 (D.C.Cir.1987).

On January 10, 1990, the Court advised the defendants that the Court intends to instruct the jury selected in this case that the offense of conspiracy, as set forth in Title 21, is a general intent crime, and asked all defense counsel to advise the Court by January 17, 1990 as to whether they had any disagreement with the

Court's specification of the elements of conspiracy as set forth in the Court's charge to the jurors who served in the trial of the Group I defendants in *United States v. Rayful Edmond, III, et al. See Court's Pretrial Order* at ¶ 14. A copy of this charge was distributed to defense counsel. Defendant's counsel has not indicated any disagreement with the Court's specification of the elements of a Title 21 conspiracy. As such, any objection is deemed to have been waived.

minished capacity on ground of irrelevancy because such evidence could not negate defendant's ability to perform the general intent crime of bank robbery), *cert. denied,* —— U.S. ——, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989); *Twine,* 853 F.2d at 679 (holding that "diminished capacity ... generally is only a defense when specific intent is at issue"); *cf. Pohlot,* 827 F.2d at 897 n. 4 (explaining that "[m]ost states ... limit psychiatric evidence to specific intent crimes on the theory that mental abnormality can virtually never disprove the mens rea required for general intent crimes so that psychiatric testimony would be misleading").

Accordingly, in the exercise of its discretion, the Court will preclude defendant from offering opinion testimony at trial concerning his mental condition. *See Fazzini,* 871 F.2d at 639 (holding that a trial judge's exclusion of evidence of a mental condition is reviewed "only for abuse of discretion").