7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis R. BAUR, Defendant-Appellant.
 No. 91-1868.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1993.
 
 On Appeal from the United States District Court for the E.D. of Mich., No. 90-80536; Hackett, D.J.
 E.D.Mich.
 AFFIRMED.
 Before MILBURN, RYAN and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Dennis Baur appeals his conviction for attempted tax evasion in violation of 26 U.S.C. § 7201. On appeal, the issues are (1) whether the district court abused its discretion in excluding a witness' opinion on the sincerity with which defendant held his views on certain tax questions, (2) whether the district court abused its discretion when it refused to permit defendant to cross-examine agents of the Internal Revenue Service ("IRS") about their knowledge of United States tax laws, and (3) whether defendant was a person obliged to pay the income tax.[1] For the reasons that follow, we affirm.
 
 I.
 
 2
 Defendant Dennis Baur was employed by Wayne County, Michigan, as a deputy sheriff during the years 1983, 1984, 1985, 1986, and 1987. In each of those years he earned wages exceeding $20,000, but he filed no tax returns and paid no federal income taxes for those years. In October 1982, defendant Baur filed a W-4 form with his employer in which he claimed to be exempt from withholding. Because defendant switched from one payroll to another, some small amounts of money were withheld by defendant's employer and paid to the United States for the years 1983, 1984, and 1987, but these were not nearly adequate to discharge defendant's tax liability for those years.
 
 
 3
 At his trial in April 1991, defendant represented himself with the assistance of an attorney appointed by the court. IRS Special Agent Jim Dowling testified that he had a conversation with defendant in 1983 in which defendant explained that he had received information that wages were not income and were, therefore, not taxable. Agent Dowling attempted to dissuade defendant from that view and informed him that the United States Supreme Court had held that wages were income for tax purposes.
 
 
 4
 On cross-examination, defendant asked Agent Dowling, "Could you tell us what cases you have read?" The district court sustained the government's objection on relevancy grounds after asking defendant the purpose for the question. Defendant's response was, "We haven't established that the defendant has any ability to interpret case law or even to understand it." J.A. 49.
 
 
 5
 Later in his cross-examination, defendant asked Agent Dowling twice about defendant's apparent sincerity during his conversations with Dowling. First he asked, "Was there anything about the way that he [defendant] spoke with you that would indicate that he wasn't sincere in his beliefs?" J.A. 57. Agent Dowling did not directly answer the question, but indicated that the conversation was "more of [an] inquisitive type conversation." Id. Defendant then asked Dowling, "In the conversation with the person that you talked to on the phone, did he or did he not seem sincere in the conversation?" Dowling answered, "Yes," without explaining whether his answer was meant to affirm that defendant was sincere or insincere.
 
 
 6
 In January 1988, defendant had a conversation with IRS Special Agent Jerome Lisuzzo in which Agent Lisuzzo advised defendant that his wages were taxable income and urged him to consult a tax attorney or certified public accountant for private advice on the matter. On cross-examination, defendant asked Agent Lisuzzo, "In our discussions--do you understand my position?" The court sustained the government's objection on relevancy grounds, whereupon defendant asked, "Do you think that I believed that my wages were not taxable?" The district court again sustained the government's objection on relevancy grounds. Finally, defendant asked, "Do you have any reason to believe that I was insincere in anything that I said to you?" J.A. 78. Again the court sustained the government's objection on relevancy grounds.
 
 
 7
 Defendant testified on his own behalf and contended that he owed no taxes for the years in question because he had no income. Income, he explained, must be derived from a taxable activity such as doing business in a corporate capacity. He explained that a wage earner who received pay for his labor did not earn income because the pay was an even exchange for his labor. Thus, according to defendant, his wages were not taxable income, and he was therefore not required to file tax returns for the years in question.
 
 
 8
 The jury found defendant guilty on all five counts of the indictment. On July 17, 1991, defendant was sentenced to time served (2 1/2 months) on all counts, ordered to pay restitution in the sum of $16,014, and ordered to participate in a mental health program. The "time served" sentence represented a downward departure from the applicable sentencing guideline range of 4-10 months. The reason given by the district court for its departure was defendant's "deteriorating psychological condition." This timely appeal followed.
 
 II.
 A.
 
 9
 Defendant argues that the district court erred when it sustained the government's objections to questions asked by defendant of two IRS special agents, Dowling and Lisuzzo. This court reviews the district court's evidentiary rulings for abuse of discretion. United States v. Taplin, 954 F.2d 1256, 1258 (6th Cir.1992); Mitroff v. Xomox Corp., 797 F.2d 271, 275 (6th Cir.1986). As we held in Zamlen v. City of Cleveland, 906 F.2d 209, 215-16 (6th Cir.1990), cert. denied, 111 S.Ct. 1388 (1991), with respect to evidentiary rulings:
 
 
 10
 First, a reviewing court will not reverse such a decision on appeal absent a showing of a clear abuse of discretion. Conklin v. Lovely, 834 F.2d 543, 551 (6th Cir.1987). Second, even if the lower court's decision amounts to an abuse of discretion, it will not be disturbed on appeal if it did not result in a substantial injustice, as "no error in the admission or exclusion of evidence is ground for reversal or granting a new trial unless refusal to take such action appears to the court to be inconsistent with substantial justice."
 
 
 11
 (Citations omitted).
 
 
 12
 Defendant first contends that the district court erred in refusing to permit him to cross-examine Agent Dowling about Dowling's actual knowledge of the tax laws, particularly the laws stating that wages constitute taxable income.[2] Specifically, defendant asked Agent Dowling, "Could you tell us what cases you've read?" J.A. 48. The court sustained the government's objection to the question on relevancy grounds. It also sustained government's objections to the questions, "Why would a tax return be filed if there was no tax liability?" J.A. 51, and "What does it [26 U.S.C. § 61, defining 'income'] say?" J.A. 56.
 
 
 13
 Defendant's argument is difficult to grasp. Essentially, he contends that he should have been allowed to expose Agent Dowling's ignorance of the tax laws in order to show why it was reasonable for defendant to disbelieve Agent Dowling when Dowling tried to explain why wages were taxable income. In Cheek v. United States, 498 U.S. 192 (1991), the Supreme Court held that a defendant's good faith misunderstanding of the requirements of the tax laws could negate the willfulness element of the crime of tax evasion. Defendant Baur contended at trial that he was sincere in his belief that his wages were not taxable income, and he tried to show that his knowledge of the law was superior to Agent Dowling's in that regard. Had defendant been allowed to pursue this line of questioning, he would have involved himself in an argument with Agent Dowling over the interpretation and meaning of divers cases, statutes, and regulations pertaining to the tax laws. Such a dispute would have been profitless, for the jury was in no way equipped to decide who had the superior legal understanding, and the process would have been productive only of a confusion of the issues. The district court, therefore, had good reason to exclude this evidence, even assuming its relevance, under Federal Rule of Evidence 403 which provides that
 
 
 14
 [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 15
 The district court, however, excluded the evidence in question under Fed.R.Evid. 402, finding that the evidence called for would be irrelevant. Even assuming the jury could have decided whether defendant's knowledge of the tax laws was superior to Agent Dowling's, Dowling's knowledge of the laws was technically irrelevant. What may have been relevant was whether defendant thought his understanding was superior to Dowling's and so refused to take Dowling's advice. Defendant, however, was perfectly free to testify to that effect when he took the witness stand. It follows that the district court did not abuse its discretion in excluding the evidence in question.
 
 B.
 
 16
 Defendant next argues that the district court erred when it refused to permit defendant to cross-examine Special Agent Lisuzzo regarding Lisuzzo's perception of the sincerity with which defendant held his unconventional views on the taxation of wages. Defendant contends that his questions called for an opinion by a lay witness which was admissible under Fed.R.Evid. 701 if "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."
 
 
 17
 The government responds that defendant's questions called for the witness' opinion on the ultimate issue--defendant's good faith misunderstanding of the tax laws--and that its objections were properly sustained under Fed.R.Evid. 704(b), which provides:
 
 
 18
 No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of the defense thereto. Such ultimate issues are matters for the trier of fact alone.
 
 
 19
 The purpose of the rule is to eliminate the spectacle of competing expert witnesses testifying in direct contradiction to each other on the mental state of a defendant whose mental state is a critical element of the case. See United States v. Prickett, 604 F.Supp. 407, 409 (S.D.Ohio 1985); H.R.Rep. No. 98-1030, 98th Cong., 2d Sess. 224, 232, reprinted in 1984 U.S.L.L.A.N. 1. Because Agent Lisuzzo could not have been testifying as an expert as to the defendant's mental condition, his lay opinion was not barred by Rule 704(b). Indeed, Rule 704(a) specifically allows testimony in the form of an opinion that "embraces an ultimate issue to be decided by the trier of fact...."
 
 
 20
 This court has recognized that lay witnesses may state their opinions about the subjective beliefs of another if the opinion is one a normal person could form on the basis of the facts he or she observed. "[W]e do not believe that it is beyond the ken of an ordinary person to infer from another's outward actions what his inward feelings are...." Torres v. County of Oakland, 758 F.2d 147, 150 (6th Cir.1985); but cf. Mitroff v. Xomox Corp., 797 F.2d 271, 276 (6th Cir.1986) ("[S]eldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.' "). Thus, Rule 704(b) did not bar the admission of Agent Lisuzzo's opinion of defendant's sincerety.
 
 
 21
 The district court sustained the government's objections to defendant's questions on the ground that they called for irrelevant testimony and stated: "What the agent thinks or believes about you, personally, has nothing to do with what he's called upon to do in his job responsibilities." J.A. 78. This was error, because the testimony called for bore on the central issue in the case, the sincerity with which defendant held his legally erroneous views on income taxation. As the government points out, however, defendant did not preserve this error by making the offer of proof required by Fed.R.Evid. 103(a)(2), which provides
 
 
 22
 (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 
 
 23
 * * *
 
 
 24
 (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which the questions were asked.
 
 
 25
 Defendant did not proffer Agent Lisuzzo's answer for the record, and this court is left to speculate about whether the agent would have confessed defendant's sincerity or used the opportunity to annihilate the defendant. Because he made no proffer, defendant may not predicate error on the exclusion of this testimony.
 
 
 26
 Moreover, even assuming answers favorable to defendant, any error in the exclusion of Agent Lisuzzo's testimony was harmless under Fed.R.Crim.P. 52(a), which provides that error not affecting the substantial rights of a party shall be disregarded. Defendant testified at length about his views and the sincerity with which he held them, describing his "education" by others and his personal legal research into the subject. He was the key witness to his own good faith, and the jury thus had before it the most direct evidence possible on that subject. By failing to proffer the answer of Agent Lisuzzo, defendant has failed to preserve any error that may have occurred, which, in any event, was harmless.
 
 C.
 
 27
 Finally, defendant in his pro se brief argues that, because he earned all his wages in Michigan, he was a non-resident alien for federal income tax purposes in that "[a] Citizen of one of the 50 States, (i.e., the independent states of the union) residing therein, is a nonresident of the 'United States' and is statutorily exempt to this local taxing power of Congress." Brief of Appellant at 21, 35. The government has not replied to defendant's pro se brief, and it cannot be determined from the record whether defendant raised or relied on this argument in the district court.
 
 
 28
 The indictment alleged, and the proof showed, that defendant was a resident of the State of Michigan. The indictment also alleged that he had taxable income, and that issue was submitted to the jury together with all the other elements of this offense. It must be assumed that the jury found defendant had taxable income for the years mentioned in the indictment, and within this finding is the implicit finding that he was subject to the income tax. Defendant's argument that the citizen of a state is a nonresident alien as to the United States is fatuous in these circumstances. For tax purposes, the Internal Revenue Code defines "United States" to include the states. 26 U.S.C. § 7701(a)(9). Michigan is a state of the United States.
 
 III.
 
 29
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The first two issues are raised in the brief filed by appointed counsel for defendant, the third issue by defendant in his pro se brief. Defendant disavows any brief but his own. Brief of Appellant at 8
 
 
 [2]
 See Sisemore v. United States, 797 F.2d 268, 270 (6th Cir.1986)